The judge at the trial allowed the plaintiff to give evidence of the value of the lease which the defendant agreed to give him, overruling, at the time, the defendant's objection to the evidence; but he reconsidered this ruling when he came to charge the jury, and instructed them to disregard the proof respecting the lease, and give the plaintiff only the actual value of the services. But if the first decision was wrong, the error was not cured by the subsequent direction. After the evidence respecting the value of the lease was declared to be proper, the trial proceeded on the assumption that such value was the proper measure of damages, if the plaintiff was entitled to recover anything; and neither party gave any evidence as to the real value of the plaintiff's services, and very little as to the performance of any services. Where the jury were finally told to disregard what had been proved respecting the lease, they had scarcely any evidence before them upon which to assess damages against the defendant; and it is not surprising that they were unable to dismiss from their minds the consideration that the plaintiff had been wrongfully deprived of a valuable lease, or to avoid making up to him at least a part of his loss. It is difficult to account for the verdict in any other way. The plaintiff's counsel, therefore, I think, properly assumed that it was essential to sustain the correctness of the first ruling in order to *Page 304 
uphold the judgment. But that ruling was manifestly erroneous. It is true, a party who has made a payment in money, property or services upon a contract which is invalid, for want of the formalities required by the statute of frauds, may, upon the other party refusing to go on, recover back the amount of such payments in an action upon an implied assumpsit; and where in such a case the undertaking of the defendant was by parol to convey land, it appears to have been held that the plaintiff might prove the value of the land, as evidence upon the question of damages. (Burlingame v. Burlingame, 7 Cow., 92; King
v. Brown, 2 Hill, 485; Jack v. McKee, 9 Barr, 235.) It is difficult to sustain that position upon any principle; for if the plaintiff has made an advantageous bar gain he gets the benefit of it on this theory, though it was void in law. But this case did not present any such feature. There was evidence of an agreement by the defendant that if he should purchase the premises he would lease them to the plaintiff for a term of years, at a rent bearing a certain proportion to the price at which they should be purchased. It thus became the interest of both parties to have the purchase made at as low a price as practicable; and the evidence of an employment of the plaintiff to aid in the negotiation amounted only to a suggestion by the defendant to him to see the vendor on the subject of the purchase. Assuming the existence of such an agreement for a lease, the plaintiff and defendant had a common interest in effecting the purchase from the owner and in regard to the terms upon which it should be made; and in the absence of any proof of actual employment, the agency which the defendant took in the negotiation should have been considered as an act done in his own behalf, for his own benefit, and not as the servant of the defendant. It would be a perversion of the evidence to regard it as the payment of the consideration for the lease. If, therefore, the legal position of the plaintiff should be conceded, a case was not made for its application. There was nothing which could be called a payment in services on account of the lease. The plaintiff, it may be assumed, desired to procure *Page 305 
the lease, and to have it subject to as low a rent as possible. He, therefore, exerted himself to forward the negotiation, and to have it effected at the lowest price. The defendant coöperated in the same effort, and a purchase was made at a certain price. The plaintiff was then morally entitled to the lease as agreed, but he had to establish that right through an agreement which the law pronounces invalid. The lease not being given, the plaintiff sought in this action, in substance, to recover damages for the breach, in the name of a compensation for services. I am satisfied that the decision admitting evidence of the amount of these damages was erroneous; and I am persuaded that, though it was retracted in the charge, it notwithstanding produced the verdict, which cannot be sustained on any other grounds. I am in favor of reversing the judgment of the Supreme Court.
All the judges concurring,
Judgment reversed and new trial ordered.